UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDW. C. LEVY CO.,

        Plaintiff,

v.

CHARLES N. FRANGES, ERV D.
MCLAIN, and DEBBIE WEAVER-HIGGINS,
jointly and severally,

        Defendants.

_____/

CIVIL CASE NO. 04-60273
HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO FILE UNTIMELY RESPONSES TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. #9 ). Plaintiff sued Defendants for payment of a loan made to Noble Ventures, Inc. Defendants, the principals of Noble Ventures, personally guarantied the loan.

On April 10, 2000, Charles N. Franges, Erv D. McLain, and Debbie Weaver-Higgins executed absolute and unconditional guaranties in the amount of $500,000 for a loan made to Noble Ventures. Subsequently, on July 7, 2000, Noble Ventures, Inc. executed a Single Installment Note that promised payment of $515,780 to Edw. C. Levy Co. by August 15, 2000. When the August 15, 2002, deadline for repayment of the loan passed, Noble Ventures refused Plaintiff's requests for payment. Plaintiff filed suit against Noble Ventures and Defendants for

breach of installment, breach of the personal guaranties, and confession of judgment on October 2, 2002.

This Court entered judgment against Defendants on April 28, 2004. In the judgment, Noble Ventures agreed to an indebtedness in the amount of $618,936.00, plus post-judgment statutory interest. The judgment was to be paid by the earlier of October 30, 2004, or the trial in the World Bank Court, Case No. ARB/01/11, whichever came first.[1] The judgment also dismissed Franges, McLain, and Weaver-Higgins, from the suit without prejudice. However, the judgment provided that in the event that Noble Ventures did not satisfy its obligations, Plaintiff would be allowed to re-file suit against Franges, McLain, and Weaver-Higgins on their personal guaranties. Also by the terms of the judgment, Defendants agreed to waive the right to assert the statute of limitations, venue, or jurisdiction as defenses.

Since this action was filed, the decision was rendered in the Noble Ventures International Arbitration on October 12, 2005. Noble Ventures did not prevail; nor has Noble Ventures paid the amount of the judgment.

On November 2, 2004, Plaintiff sued Defendants for breaching their personal guaranties. Defendants answered the complaint, and contended that the $500,000 secured by the personal guaranties was not due and owing because a separate agreement made subsequent to the judgment, a copy of which was attached to their Answer, extinguished the debt. Defendants contend that the "Scrap Recovery Agreement" between ELJ Holdings, Inc. and C.S. Resita S.A., signed June 26, 2001, was intended to constitute an accord and satisfaction of the personal

---

[1] The claim in that case secured the assignment of Noble Ventures debt under the judgment.

guaranties signed by them. Defendants also contended that the Court lacked personal jurisdiction and that Plaintiff's claim is barred by the statute of limitations.

## II.     STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the

nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)(citation omitted)(quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002)(quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The evidence itself need not be in the form admissible at trial. Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000). However, the mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252.

According to Federal Rule of Civil Procedure 56(e):

When a motion for summary judgment is made and supported as provided in this

> rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Rule 56(e) has not altered the standard stated in Rule 56(c) for granting summary judgment.  See Adickes v. Kress & Co., 398 U.S. 144, 159(1970).  Rather, "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant."  Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979).  The non-movant's failure to respond does not free the movant of the burden of establishing that "the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

## III.   ANALYSIS

### A.   Defendants' Motions to File Untimely Responses

Plaintiff filed this motion for summary judgment on February 13, 2006.  Pursuant to the Court's scheduling order, Defendants had until March 16, 2006, in which to respond.  They did not.  It was not until May 9, 2006, that the Court received three *pro se* motions for leave to file untimely responses.  Prior to the scheduling order's deadline, Defendants did not seek an enlargement of time to respond pursuant to Local Rule 7.1(f) (E.D. Mich. Sept. 8, 1998).  The Court finds that the reasons stated in Defendants' motions to file untimely responses are not the result of excusable neglect.  FED. R. CIV. P. 6(b).  Rather, the Court finds the reasons given for the failure to timely file, or to seek an enlargement of time to file, are wholly inexcusable.  Therefore, Defendants' motions to file untimely answers are DENIED.

**B.     Plaintiff's Motion for Summary Judgment**

When the non-moving party fails to file a response, summary judgment is appropriate only if the moving party meets its burden of establishing that it is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c) & (e). In this Court's April 28, 2004, Judgment, Defendants specifically agreed to waive any objections based on jurisdiction, venue, or the statute of limitations. Defendants are therefore precluded from asserting affirmative defenses arising from jurisdiction, venue, and the statute of limitations. See e.g., Cromwell v County of Sacramento, 94 U.S. 350 (1876). Thus, the only remaining viable defense Defendants raised is that the Scrap Recovery Agreement was intended as an accord and satisfaction of their previous debt.

By agreement of the parties, Michigan law governs the interpretation of the Scrap Recovery Agreement. Because Michigan law permits parties to choose which state's law will govern their contract, the choice of law provision in the Scrap Recovery Agreement is a valid and enforceable clause. Cook v. Little Caesar Enters., 210 F.3d 653, 656 n.3 (6th Cir. 2000). "The principles of accord and satisfaction are well established in both the general common law and the law of Michigan . . . ." Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am., et al. v. Yard-Man, Inc., 716 F.2d 1476, 1487-88 (6th Cir. 1983). "The basic elements of this affirmative defense align themselves with normal contract principles of offer and acceptance. There must be a disputed claim, a substituted performance agreed upon and accomplished, and valuable consideration." Id.

However, before the Court examines whether the requirements of accord and satisfaction are met, it first must determine whether Defendants may raise that defense. "Michigan follows

the parol evidence rule which does not permit extrinsic evidence to be used to contradict the terms of a written contract that was intended to be the final and complete expression of the parties' agreement." Cook, 210 F.3d at 656. However, in order for the parole evidence rule to operate a bar to extrinsic evidence, "[t]he court must first find, . . . 'that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered.'" Id. (quoting NAG Enters., Inc. v. All State Indus., Inc., 285 N.W.2d 770, 771 (Mich. 1979) (per curiam). The Michigan Court of Appeals has held

> that when the parties include an integration clause in their written contract, it is conclusive and parol evidence is not admissible to show that the agreement is not integrated except in cases of fraud that invalidate the integration clause or where an agreement is obviously incomplete 'on its face' and, therefore, parol evidence is necessary for the 'filling of gaps.'"

UAW-GM Human Resource Ctr. v. KSL Recreation Corp., 579 N.W.2d 411, 418 (Mich. Ct. App. 1998)(quoting 3 Corbin, Contracts, § 578, p. 411); see also N. Warehousing, Inc. v. State, 714 N.W.2d 287 (Mich. 2006), Cook, 210 F.3d at 656.

The agreement Defendants contend was intended as an accord and satisfaction contains an integration clause, and thus, the Court may not consider any parol evidence that the Scrap Recovery Agreement is not the parties' complete expression of their agreement.[2] "Reliance on pre-contractual representations is unreasonable as a matter of law when the contract contains an integration clause." N. Warehousing, 714 N.W.2d at 287. That agreement does not purport to the waive personal guaranties of Defendants Franges, McLain, and Weaver-Higgins, or that it is an accord and satisfaction of the Judgment entered by this Court against Noble Ventures. Thus,

---

[2] Because Defendants do not contend that the Scrap Recovery Agreement was procured by fraud, the integration clause is valid and enforceable.

7

because it does not purport to do so, and the Court may not accept parol evidence to contrary, the Scrap Recovery Agreement cannot modify Defendants' previous obligations to Plaintiff.

Defendants have pleaded no other theory and alleged no other facts that would modify their obligations to repay their debt to Plaintiff. Therefore, as a matter of law, Defendants cannot show that the Scrap Recovery Agreement constitutes a waiver of the personal guaranties, nor have they raised any other meritorious defense.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATED: July 20, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by ordinary mail and/or electronic filing.

> s/Bernadette M. Thebolt
> DEPUTY CLERK